UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, <br>     Plaintiff, | : <br> : <br> : | Case No. 3:23-cv-213 <br> <br> Judge Timothy S. Black |
| vs. | : <br> : | |
| JOHN DOE subscriber assigned IP Address 173.89.185.229, <br>     Defendant. | : <br> : <br> : | |

**ORDER ON PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

This civil case is before the Court on Plaintiff's *ex parte* motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference. (Doc. 6).

Generally, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," but the Federal Rules allow early discovery "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. *Malibu Media, LLC v. Doe*, No. 2:15-CV-1202, 2015 WL 12732859, at *1 (S.D. Ohio Apr. 13, 2015) (citation omitted). Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." *Malibu Media*, 2015 WL 12732859, at *1 (citations omitted).

Having reviewed the complaint, the instant motion, and the accompanying memorandum of points and authorities, the Court finds that Plaintiff has demonstrated

good cause for early discovery. Plaintiff has alleged a claim for direct copyright infringement and has narrowly tailored the discovery it seeks to identifying the alleged infringer. Moreover, the information sought is necessary to prosecute Plaintiff's claim and is otherwise unavailable.

Accordingly, Plaintiff's *ex parte* motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference is **GRANTED**, subject to the following:

1. Plaintiff may serve a Rule 45 subpoena on the Internet Service Provider ("ISP") associated with the identified IP address, to obtain information to identify Defendant's full name and residential address. Plaintiff is <u>not</u> permitted to seek or obtain John Doe's email addresses or telephone numbers. Plaintiff shall attach a copy of this Order to the subpoena.

2. When the ISP is served with the subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscriber assigned to the IP address at least 14 days prior to releasing the subscriber's information to Plaintiff. When giving written notice, the ISP shall include a copy of this Order. If the ISP and/or Defendant seek to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than 45 days from the date of service. The ISP shall preserve any subpoenaed information, pending the resolution of any timely filed motion to quash.

3. If Defendant wishes to proceed anonymously in this litigation, Defendant shall make such request through a motion for protective order within 30 days of receiving written notice of the subpoena from the ISP. The motion requesting anonymity may be filed under seal if it contains information identifying Defendant. Defendant shall serve a copy upon counsel for Plaintiff.

4. To preserve Defendant's ability to seek a protective order, Plaintiff shall refrain from identifying Defendant's name on the public docket for a period of 30 days after receiving the subscriber's identifying information from the ISP.

    **IT IS SO ORDERED.**

Date:   8/21/2023                                                         *s/Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                   United States District Judge